IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHN H. WAASER,

    Plaintiff,

v.                                                  CASE NO. 1:05-cv-00115-MP-AK

STREIT'S INC.,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 59, Report and Recommendation of the Magistrate Judge, which recommends that Defendant's Motion for Summary Judgment, Doc. 31, be granted, and that this case be dismissed with prejudice. Plaintiff brings suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.*, ("Title VII"), alleging that the Defendant discriminated against him on the basis of his religious beliefs by discharging him. The Magistrate Judge filed the Report and Recommendation on Wednesday, September 19, 2007. The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections. Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made. Plaintiff has filed objections to the Magistrate's Report, Doc. 60. Nevertheless, for the following reasons, the Magistrate's Report is adopted, and the Defendant's Motion for Summary Judgment is granted.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). In determining the existence of a genuine issue of material fact, the Court views the facts in a light favorable to the non-moving party, with the moving party bearing the burden of demonstrating the lack of a genuine issue. If the movant successfully discharges this burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, the existence of a genuine issue of material fact. Matsushita Electric Industrial Co. v. Zenith Radio Corp. 475 U.S. 574, 586-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991). An issue of material fact is genuine if the evidence in the record would allow a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed. 2D 202 (1986). If a non-moving party bears the burden of proof at trial, the moving party is entitled to summary judgment by showing that the non-moving party cannot prove an essential element of their cause of action through the admissible evidence in the record. As explained by the Supreme Court for the United States:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The purpose of the Court in deciding a summary judgment motion is not to decide issues of material fact, but rather to determine whether such issues exist to be tried. In this case, Plaintiff bears the burden of proving that the Defendant discharged him because of his religious beliefs.

Under Title VII, it is an unlawful employment practice for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  In his complaint, Plaintiff Waaser alleges that Defendant Streit's Inc. intentionally discriminated against him based on his religious beliefs by discharging him.  Title VII defines "religion" to include "all aspects of religious observance and practice, as well as belief."  Plaintiff ultimately bears the burden under Title VII to prove that religion was a determining factor in Defendant's employment decision, and he initially bears the burden of establishing a prima facie case of such discrimination.  "The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination."   McDonnell Douglas Corp. v. Green, 411 U.S. 792,  93 S.Ct. 1817, 36 L.Ed2d 668 (1973).

A "prima facie case" in the Title VII context is a legally mandatory, rebuttable presumption that can be established either through direct evidence of discrimination or through circumstantial evidence.  In the absence of direct evidence of discrimination, the Court applies the McDonnell Douglas burden-shifting framework to Title VII discrimination claims.  See Brooks v. County Comm'n of Jefferson County, 446 F. 3d 1160, 1162 (11th Cir. 2006).  In this case, Plaintiff has not provided any direct evidence that his employer discriminated against him on the basis of his religious beliefs.  Direct evidence "is composed of only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of some impermissible factor." Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir.1999)(citation and internal quotation marks omitted).  Plaintiff has offered only circumstantial evidence–he told his

employer his religious beliefs, and thereafter he was discharged. Therefore, the Court will consider Plaintiff's claims under the McDonnell Douglas framework.

To establish a prima facie case of religious discrimination, an employee must prove that (1) that he is a member of a protected group; (2) that he was subjected to an adverse employment action; (3) and that there appears to be a connection between his protected group and the adverse action. The establishment of a prima facie case creates a presumption that the employer unlawfully discriminated against the employee. "If the trier of fact believes the plaintiff's evidence, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). If a plaintiff meets the burden of production, the burden then shifts to the defendant to rebut the presumption of discrimination by producing admissible evidence that the plaintiff was discharged for a legitimate, nondiscriminatory reason. The legally mandatory inference of discrimination drops from the case if a defendant's reason for the adverse action is legally sufficient to justify a judgment for the defendant.

In order to meet the ultimate burden of persuasion, at this point the plaintiff must demonstrate that the defendant's proffered reason was not the true reason for the employment decision, but rather a pretext for the discriminatory reason. A plaintiff may demonstrate pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." Burdine, 450 U.S. at 256. Bearing the burden of establishing pretext, a plaintiff must present significantly probative evidence on the issue to avoid summary judgment. It is not

enough that a plaintiff merely disagrees with the wisdom of the employer's reasons for the discharge, and unsupported assertions cannot constitute evidence of pretext. See Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1332 (11th Cir. 1998).

Although the Magistrate finds that Plaintiff could not prove that any connection existed between his religious beliefs and the adverse action, because the Defendant did not argue that Plaintiff had failed to prove his prima facie case, the Magistrate instead recommends that summary judgment be granted based on Defendant's articulated legitimate, non-discriminatory reason for terminating Plaintiff's employment. Defendant has provided disciplinary reports showing that the employment decision was based on Plaintiff having been abusive towards customers and using inappropriate language. The Court agrees with the Magistrate that Defendant has rebutted the presumption of discrimination, shifting the burden to Plaintiff to demonstrate that the proffered reasons were pretextual. Therefore, in order to survive summary judgment, Plaintiff must demonstrate that Defendant's alleged reasons for discharge are not worthy of credence, and that a discriminatory reason more likely motivated the employment decision.

In his objections, Plaintiff merely disagrees with Defendant's decision to terminate him, rather than demonstrating that reasons for the decision are untrue or unbelievable. Plaintiff admits to using profanity at work that was audible by customers and even directed at customers, but argues instead that other employees had used profanity as well. Attached to Plaintiff's objections is a Disciplinary Action Report, signed by Plaintiff, which placed Plaintiff on probation for calling a customer an "asshole." Listed as a consequence for Plaintiff failing to correct this behavior is the word "aloha," which the Court reads to mean discharge. After

another customer accused Plaintiff of being rude and abusive, Defendant terminated Plaintiff's employment.  Essentially, Plaintiff argues in his objections that he had a right to continued employment, and that "at-will" employment is an archaic concept.  This is not the law.  An employer has a right to discharge an at-will employee for any reason–or no reason at all–so long as the reason is not prohibited by law.  Plaintiff bears the burden of raising a genuine issue of material fact that the reasons offered by Defendant for his termination were a pretext for religious discrimination.  All of Plaintiff's explanations fail to show that the legitimate, non-discriminatory reasons offered for his termination should not be believed.  Thus, the Court agrees with the Magistrate that because Plaintiff has failed to show that Defendant's decision to terminate him was motivated by his religious beliefs, summary judgment must be granted.

Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. Defendant's Motion for Summary Judgment, Doc. 31, is GRANTED, and this case is DISMISSED WITH PREJUDICE.

**DONE AND ORDERED** this   _6th_ day of November, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge